# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51239
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS BRETADO-MUNIZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-37

Before BARKSDALE, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Bretado-Muniz challenges his 68-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He claims the presumption of reasonableness for within Sentencing Guidelines sentences does not apply to his sentence because Guideline § 2L1.2 (illegal-reentry) is not supported by empirical data. As Bretado concedes, this contention is foreclosed by *United States v. Mondragon-*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-51239

*Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009); he presents it only to preserve it for possible further review.

In addition, Bretado contends his sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).  He asserts § 2L1.2: lacks an empirical basis; double-counts his prior drug-trafficking conviction by using it to calculate his criminal-history score and to increase his base-offense level; and overstates the seriousness of his unlawful-entry offense because he did not commit a crime of violence and his offense was merely an international trespass.  Bretado also claims:  his motive of illegally rentering the United States to earn money to provide medical care for his mother mitigates the seriousness of the offense; and the sentence was greater than necessary to deter future criminal conduct because his motive for reentry no longer exists, as his mother is deceased.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Bretado did not raise all of the above-described issues in district court, review of those issues raised for the first time on appeal is only for plain error.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do

so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Many of Bretado's claims are foreclosed by our precedent. Our court has rejected previous claims that § 2L1.2: lacks empirical support; double counts a defendant's criminal history; and overstates the seriousness of an illegal-reentry offense. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Further, for the issues presented in district court, the court considered them but determined a 68-month sentence was appropriate. Bretado's claims are insufficient to rebut the presumption of reasonableness, *see United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008), or to show the court abused its discretion in imposing the sentence.

AFFIRMED.